**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF**
**ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| ARMOND WHITE and JOHNNY THOMAS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CHICAGO and CHICAGO POLICE OFFICERS ESCOBEDO, BRANDT, SOTO, DIAZ, ZARAGOZA, CUELLER ESPINOZA, BERNACIAK, and BRINK<br><br>Defendants. | ) | No. 18 cv 1404<br><br>Judge Tharp<br><br>Magistrate Judge Finnegan |

**DEFENDANTS' JOINT ANSWER, DEFENSES, AND JURY DEMAND TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants, City of Chicago ("City"), Chicago Police Officer Escobedo, Officer Brandt, Officer Soto, Officer Diaz, Officer Zaragoza, Officer Cuellar, Officer Espinosa, Officer Bernaciak, and Officer Brink (collectively "Defendants") through their attorneys, NATHAN & KAMIONSKI LLP, for their joint answer, affirmative defenses, and jury demand to Plaintiffs' Second Amended Complaint, state as follows:

**JURISDICTION**

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER: Defendants admit that this action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, but deny any action in violation of Plaintiffs' rights.**

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under

U.S.C. § 1367(a).

**<u>ANSWER</u>: Defendants admit the allegations in this paragraph.**

**PARTIES**

3. PLAINTIFFS ARMOND WHITE and JOHNNY THOMAS are citizens of the United States of America, who, at all times relevant, resided in Cook County, Illinois.

**<u>ANSWER</u>: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

4. DEFENDANT OFFICERS LUIS ESCOBEDO, ALEXANDRA BRANDT, FERNANDO SOTO, JUAN DIAZ, MICHAEL ZARAGOZA, JORGE CUELLER [sic], ABRAHAM ESPINOZA [sic], KYLE BERNACIAK, and KENNETH BRINK ("Defendant Officers") were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

**<u>ANSWER</u>: Defendants admit that Defendants Escobedo, Brandt, Soto, Diaz, Zaragoza, Cuellar, Espinosa, Bernaciak, and Brink are Chicago Police Officers and on the date of the incident acted in the scope of their employment and under color of law. Defendants further admit that Defendants Escobedo, Brandt, Soto, Diaz, Zaragoza, Cuellar, Espinosa, Bernaciak, and Brink are sued in their individual capacities. Defendants deny any action in violation of Plaintiffs' rights. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

5. DEFENDANT CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois. It is the employer and principal of

Defendant Officers.

**ANSWER: Defendants admit the allegations in this paragraph.**

**FACTS**

6. Plaintiffs Armond White and Johnny Thomas are Servicers for Sears Corporation. In that capacity, they wear a uniform and work with their hands to deliver and install appliances throughout the Chicago-area.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

7. On or around January 26, 2018, at or around 7:30pm, after Plaintiffs got off from work they drove to 79th & Sangamon in order to pick up their friend.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

8. As they had just gotten off work, they were still in their Sears uniform.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

9. Without a lawful basis, Defendants Escobedo, Brandt and Soto surrounded Plaintiffs' vehicle with their weapons drawn.

**ANSWER: Defendants deny the allegations in this paragraph.**

10. The pointing of a deadly weapon at Plaintiffs constitutes excessive force as there was no lawful basis, let alone logical reason, to suspect Plaintiffs posed any threat whatsoever.

**ANSWER: Defendants deny the allegations in this paragraph.**

11. Without a reasonable and articulable suspicion, or any other lawful basis, Plaintiffs were dragged out of the car.

**ANSWER: Defendants deny the allegations in this paragraph.**

12. Defendant Escobedo then ordered Defendant Brandt to handcuff Plaintiffs, and she did.

**ANSWER: Defendants admit that Plaintiffs were handcuffed and that Officer Brandt handcuffed Plaintiff White. Defendants deny the remaining allegations in this paragraph.**

13. Defendant Brandt handcuffed Armond so tightly that the handcuffs cut off his circulation and he immediately complained of the pain they caused him. In fact, the handcuffs were so tight that his fingers went numb.

**ANSWER: Defendants admit that Plaintiff White was handcuffed by Defendant Brandt and that he complained about the handcuffing. Defendants deny the remaining allegations in this paragraph.**

14. The force used by Defendant Brandt was unreasonable, sadistic, and served no law enforcement purpose whatsoever.

**ANSWER: Defendants deny the allegations in this paragraph.**

15. Defendant Soto handcuffed Plaintiff Thomas although he posed no threat, made no attempt to flee, and there was no reason to believe he had committed any crime.

**ANSWER: Defendants admit that Defendant Soto handcuffed Plaintiff Thomas. Defendants deny the remaining allegations in this paragraph.**

16. Without a warrant, or any other lawful basis, Defendants Brandt and Escobedo then searched Johnny's car.

**ANSWER: Defendants admit that a limited protective sweep of the vehicle at issue was performed by Defendants Escobedo and Brandt and further admit that there was no warrant. Defendants deny the remaining allegations in this paragraph.**

17. Defendants Bernaciak, Cueller [sic], Diaz, Zaragoza, Espinoza [sic], and Brink were present and saw the unreasonable search, seizure, and use of force against Plaintiffs. Although they had an opportunity to prevent and intervene in the unconstitutional conduct, they did not.

**<u>ANSWER</u>: Defendants admit that Defendants Bernaciak, Cuellar, Diaz, Zaragoza, Espinosa, and Brink were on scene. Defendants deny the remaining allegations in this paragraph.**

18. Defendant Officers then frisked Plaintiffs although they had no reason to believe they were armed.

**<u>ANSWER</u>: Defendants admit that brief protective pat downs of Plaintiffs occurred. Defendants deny the remaining allegations in in this paragraph.**

19. Because Defendant Brandt handcuffed Plaintiff White so tightly that his hands went numb, the handcuffs were removed.

**<u>ANSWER</u>: Defendants deny the allegations in this paragraph.**

20. The cuffs were so tight that it took two officers to remove them from Armond's wrists.

**<u>ANSWER</u>: Defendants deny the allegations in this paragraph.**

21. Although Plaintiff White requested to examine his hands, the defendants refused and promptly recuffed him.

**<u>ANSWER</u>: Defendants admit the allegations in this paragraph. Defendants deny anything not specifically admitted in this paragraph.**

22. At the time Defendants Brandt and Bernaciak recuffed Plaintiff White, they knew he had committed no crime, posed no threat, and had made no attempt to evade them.

**<u>ANSWER</u>: Defendants deny the allegations in this paragraph.**

23. The recuffing of Plaintiff White on his injured wrists was unreasonable, sadistic and

served no law enforcement purpose whatsoever.

**<u>ANSWER</u>: Defendants deny the allegations in this paragraph.**

24. Eventually, Defendant Officers released Plaintiffs.

**<u>ANSWER</u>: Defendants admit that Plaintiffs were stopped for fewer than nine minutes and that Plaintiffs were released after the stop. Defendants deny the remaining allegations in this paragraph.**

25. Plaintiffs immediately went to the police station on 79th & Halstead to make a formal complaint and requested to speak to the sergeant on duty.

**<u>ANSWER</u>: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

26. Despite waiting at the location for over an hour, no sergeant ever came to speak with them.

**<u>ANSWER</u>: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

27. Armond, who was still experiencing pain from the handcuffs, then went to the hospital to be treated.

**<u>ANSWER</u>: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

28. At the hospital, he was diagnosed with de Quervian's tenosynovitis and told that he could not use his hand, let alone work.

**<u>ANSWER</u>: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

29. As a direct and proximate result of the unlawful actions of the defendants, Plaintiffs

were injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights and dignity, interference with their normal life, lost time, lost wages, and attorneys' fees.

**ANSWER: Defendants deny the allegations in this paragraph.**

**COUNT I: 42 U.S.C. §1983 – Excessive Force**
***Plaintiffs Against Defendants Brandt, Escobedo, Soto, and Bernaciak***

30. Plaintiffs re-alleges [sic] the above paragraphs as though fully set forth herein.

**ANSWER: Defendants hereby incorporate their answers to all preceding paragraphs as though fully set forth herein.**

31. The actions of the Defendants Brandt, Escobedo, Soto, and Bernaciak constituted unreasonable, unjustifiable, and excessive force against Plaintiffs, thus violating their right under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

**ANSWER: Defendants deny the allegations in this paragraph.**

32. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiffs were injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, and fear.

**ANSWER: Defendants deny the allegations in this paragraph.**

**COUNT II: 42 U.S.C. §1983 – Failure to Intervene**
***Plaintiffs Against Defendants Cueller [sic], Diaz, Zaragoza, Espinoza [sic], and Brink***

33. Plaintiff [sic] re-alleges the above paragraphs as though fully set forth here.

**ANSWER: Defendants hereby incorporate their answers to all preceding paragraphs as though fully set forth herein.**

34. The actions of Defendants Brandt, Escobedo, Soto, and Bernaciak constituted

unreasonable, unjustifiable, and unlawful use of excessive force against Plaintiffs and an illegal search and seizure, thus violating Plaintiffs' rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. §1983.

**ANSWER: Defendants deny the allegations in this paragraph.**

35. Defendants Cueller [sic], Diaz, Zaragoza, Espinoza [sic], and Brink failed to intervene when Defendants Brandt, Escobedo, Soto, and Bernaciak used unreasonable force against Plaintiffs and illegally searched and seized them, as alleged above, even though there was no legal basis for it.

**ANSWER: Defendants deny the allegations in this paragraph.**

36. The aforementioned actions of the Defendants were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER: Defendants deny the allegations in this paragraph.**

37. As a proximate result of the above-detailed actions, Plaintiffs were injured, including the deprivation of their liberty and the taking of their persons and property. In addition, the violations proximately caused Plaintiffs pain and suffering, mental anguish, embarrassment, and humiliation, exposed them to public scandal and disgrace, and caused them to incur various expenses, including but not limited to attorneys' fees, all to Plaintiffs' damage.

**ANSWER: Defendants deny the allegations in this paragraph.**

**COUNT III: 42 U.S.C. §1983 – Illegal Search & Seizure**
***Plaintiffs Against Defendant Officers***

38. Plaintiff [sic] re-alleges the above paragraphs as though fully set forth herein.

**ANSWER: Defendants hereby incorporate their answers to all preceding paragraphs as though fully set forth herein.**

39. The search and seizure of Plaintiffs' persons performed willfully and wantonly by

Defendant Officers, as detailed above, were in violation of Plaintiffs' right to be free from unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

**<u>ANSWER</u>: Defendants deny the allegations in this paragraph.**

40. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiffs were injured, including the deprivation of their liberty and the taking of their person. In addition, the violations proximately caused Plaintiffs to suffer, without limitation, pain, suffering, humiliation, emotional distress, mental anguish, exposed them to public scandal and disgrace, and financial loss.

**<u>ANSWER</u>: Defendants deny the allegations in this paragraph.**

**<u>COUNT IV: 42 U.S.C. §1983 – Illegal Search</u>**
***Plaintiff Thomas Against Defendants Brandt and Escobedo***

41. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

**<u>ANSWER</u>: Defendants hereby incorporate their answers to all preceding paragraphs as though fully set forth herein.**

42. The search of Plaintiff's car performed willfully and wantonly by Defendants Brandt and Escobedo, as detailed above, were in violation of Plaintiff's right to be free from unreasonable searches under the Fourth Amendment to the Constitution of the United States and 42 U.S.C.

§1983.

**<u>ANSWER</u>: Defendants deny the allegations in this paragraph.**

43. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused Plaintiff to suffer, without limitation, humiliation,

emotional distress, mental anguish, exposed him to public scandal and disgrace, and financial loss.

**ANSWER: Defendants deny the allegations in this paragraph.**

**COUNT V: 745 ILCS 10/9-102 - Indemnification**
***Against Defendant City of Chicago***

44. Plaintiffs reallege the above paragraphs as though fully set forth here.

**ANSWER: Defendants hereby incorporate their answers to all preceding paragraphs as though fully set forth herein.**

45. Defendant City of Chicago is the employer of each of the Defendant Officers.

**ANSWER: Defendants admit the allegations in this paragraph.**

46. The Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as an employee of the City of Chicago.

**ANSWER: Defendants admit that they were acting under color of law and in the scope of their employment as employees of the City of Chicago. Defendants deny any and all allegations of wrong doing alleged above.**

**COUNT VI: Battery (State Law Claim)**
***Plaintiffs Against Defendants Brandt, Escobedo, Soto, and Bernaciak***

47. Plaintiffs reallege each of the foregoing paragraphs as though fully set forth here.

**ANSWER: Defendants hereby incorporate their answers to all preceding paragraphs as though fully set forth herein.**

48. By the actions detailed above, Defendants Brandt, Escobedo, Soto and Bernaciak intentionally made unwanted and offensive bodily contact against Plaintiffs.

**ANSWER: Defendants deny the allegations in this paragraph.**

49. By the actions detailed above, Defendants Brandt, Escobedo, Soto and Bernaciak

performed the acts detailed above with the intent of inflicting physical harm to Plaintiffs.

**ANSWER: Defendants deny the allegations in this paragraph.**

50. Plaintiffs were physically harmed.

**ANSWER: Defendants deny the allegations in this paragraph.**

51. As a direct and proximate result of the battery, Plaintiffs were injured.

**ANSWER: Defendants deny the allegations in this paragraph.**

52. Defendant City is sued in this to the doctrine of *respondeat superior*, in that Defendants Brandt, Escobedo, Soto and Bernaciak performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of their employment.

**ANSWER: Defendants admit that Plaintiffs purport to sue the Defendant City under the doctrine of *respondeat superior*. Defendants further admit that Defendant Officers were on duty and employed by the City of Chicago and acting within the scope of their employments. Defendants deny any and all allegations of wrongdoing and any remaining allegations in this paragraph.**

## AFFIRMATIVE DEFENSES

1. Defendants Brandt, Escobedo, Soto, Diaz, Zaragoza, Cuellar, Espinosa, Bernaciak and Brink's conduct was at all times objectively reasonable and did not violate any of Plaintiffs clearly established Constitutional rights. They are government officials who perform discretionary functions in the course of their work. At all times material to the events alleged in Plaintiffs Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendants Brandt, Escobedo, Soto, Diaz, Zaragoza, Cuellar, Espinosa, Bernaciak and Brink could have believed their actions to be lawful in light of clearly established

law and the information that they possessed. Accordingly, Defendants Brandt, Escobedo, Soto, Diaz, Zaragoza, Cuellar, Espinosa, Bernaciak and Brink are entitled to the defense of Qualified Immunity.

2. Plaintiffs have a duty to mitigate their damages, and any damages awarded to Plaintiffs would be required to be reduced by any amount by which the damages could have been lessened by Plaintiffs failure to take reasonable action to minimize those damages.

3. To the extent that any injuries or damages claimed by Plaintiffs against Defendants were caused in whole or in part by negligent, willful and wanton, and intentional conduct of Plaintiffs, even if Defendants are liable in damages the total amount of damages to which Plaintiffs would otherwise be entitled must be reduced by application of the principles of comparative fault in proportion to the amount of the negligent, willful and wanton, and intentional conduct of Plaintiffs which were the proximate cause of their injuries. In addition, at the time of the allegations in Plaintiffs Complaint 735 ILCS5/2-116 was in effect and reduced a plaintiffs' recovery according to his contributory negligence and bars his recovery entirely when a plaintiff is more than fifty percent of the proximate cause of the injury or damage for which recovery is sought.

4. Defendants are immune from Plaintiffs' state law claims under 745 ILCS 10/2- 202 of the Illinois Tort Immunity Act which provides as follows: "A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct."

5. Defendants are immune from Plaintiffs' state law claims under 745 ILCS 10/2- 204 of the Illinois Tort Immunity Act which provides as follows: "Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for any

injury caused by the act or omission of another person."

*6.* Plaintiffs are not entitled to attorney's fees for their state law claims. *See Pennsylvania Truck Lines, Inc. v. Solar Equity Corp*., 882 F.2d 221, 227 (7th Cir. 1989*); Kern v. Engelke*, 76 Ill.2d 154, 166 (1979); *Miller v. Pollution Control Board*, 267 Ill.App.3d 160 (4th Dist. 1994).

7. Defendant City of Chicago and Chicago Police Officers Brandt, Escobedo, Soto, Diaz, Zaragoza, Cuellar, Espinosa, Bernaciak and Brink, are immune from Plaintiffs state law claims under 745 ILCS 10/2-109, which states a local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable.

8. The City of Chicago and Chicago Police Officers Brandt, Escobedo, Soto, Diaz, Zaragoza, Cuellar, Espinosa, Bernaciak and Brink, are not liable for punitive damages. 745 ILCS 10/2-102.

9. Defendants are immune from Plaintiffs state law claims under 745 ILCS 10/2- 201 of the Illinois Tort Immunity Act which provides as follows: "Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused."

10. Defendants are immune from Plaintiffs state law claims under 745 ILCS 10/2- 212 of the Illinois Tort Immunity Act which provides as follows: The provisions of this Part 2 which define or limit the liability of a public employee in terms of his doing of an act or of his failure to act apply to public employees who function jointly, in conjunction or in collaboration with other public employees as well as to those who function singly.

11. Defendants are not liable for any alleged claims because the acts and/or omissions of Plaintiffs were the sole proximate cause of any injuries they may have sustained. 745 ILCS 10/2-

208.

12. Under the Illinois Local Governmental Employees Tort Immunity Act, Defendant Officers are not liable for any injury allegedly caused by instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acted maliciously and without probable cause. 745 ILCS 10/2-208.

**JURY DEMAND**

Defendants hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38(b) for all issues so triable.

Respectfully Submitted,

By: */s/ Helen C. O'Shaughnessy*
HELEN C. O'SHAUGHNESSY

Avi T. Kamionski
Shneur Z. Nathan
Helen C. O'Shaughnessy
**Nathan & Kamionski, LLP**
140 N. Dearborn, Suite 1510
Chicago, Illinois 60603
312-612-1079
helen@nklawllp.com
ARDC: 6292881

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, hereby certify that I have caused true and correct copies of the above and foregoing to be served on all counsel of record via to the Court's CM/ECF system, in accordance with the rules of electronic filing of documents, on this 2nd day of July 2018.

By: */s/ Helen C. O'Shaughnessy*
HELEN C. O'SHAUGHNESSY